IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 0 2 2010

JAMES N. HATTEN, Clerk
By: [signature]

| | |
|---|---|
| OM SHREE GANESH (USA) INC. <br> Through Shareholder derived action <br> MAHMOOD I. ALYSHAH <br><br> Plaintiff. <br><br> Vs. <br><br> MILL & HOOPES LLC, <br> STEVEN M. MILLS, Individually <br> And <br> Echkhart Blackert, Individually <br> Jointly and Severally <br><br> Defendants. | Civil Action File No. **1:10-CV-1701** TWT |

## CIVIL RICO COMPLAINT
## OF
## FRAUD AND SWINDLE, BANK FRAUD AND WIRE FRAUD
## BY
## THE DEFENDANTS
## IN VIOLATION OF
## RICO ACT.

Comes now the Plaintiff, OM SHREE GANESH (USA), INC Through the Shareholder MAHMOOD I. ALYSHAH derived action, and his Complain against the Defendants, Mill &. Hoopes LLC, Steven M. Mills and Eckhart Blackert, not related to the Plaintiff in any way, hereby states as follows:

### I INTRODUCTION

This is a complex civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. 1961 *et seq.*; for relief; for actual, consequential and exemplary damages; and for all other

relief which this honorable Court deems just and proper under all circumstances which have occasioned this Initial COMPLAINT. See 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO").

The primary cause of this action is a widespread criminal *enterprise* engaged in a *pattern of racketeering activity* across State lines, and a conspiracy to engage in *racketeering activity* along with Om Shree Ganesh Container Pvt. Ltd., Samit Ashok Soniminde, Amit Ashok Soniminde and Ashok Dhanraj Soniminde, involving numerous RICO predicate acts during the past several calendar months in violation of 18 U.S.C §§ 1962 (c). Separate RICO ACT. Violation lawsuits are in the process of being filed in this Hon. Court against Om Shree Ganesh Container Pvt. Ltd., Samit Ashok Soniminde, Amit Ashok Soniminde and Ashok Dhanraj Soniminde.

Along with OM SHREE GANESH (USA), INC. Alyshah claims, pursuant to 18 U.S.C §§ 1961 (3), he is a person who has also been injured in his business OM SHREE GANESH (USA), INC. or property by the reason of a violation of 18 U.S.C 18 U.S.C §§ 1962, and therefore has the right to sue in this Court to recover treble damages and Court cost under Title 18 U.S.C §§ 1964 (c).

The RICO predicate acts alleged here cluster around criminal Fraud and Swindles, Wire Fraud and Bank Fraud. See 18 U.S.C. §§ 1341, 1343 and 1344 respectively.

These RICO predicate acts, although *appearing* to be isolated events, were actually part of the overall conspiracy and *pattern of racketeering activity* alleged herein.

The primary objective of the racketeering *enterprise* has been to inflict severe and sustained economic hardship upon Plaintiff, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from engaging in the Interstate Commerce and through suffering of heavy and severe financial losses on the Plaintiff.

## II. JURISDICTION

This honorable Court has original jurisdiction pursuant to the civil RICO remedies at 18 U.S.C. 1964, and the holdings of the U.S. Supreme Court in Tafflin v. Levitt, 493 U.S. 455 (1990), and the U.S. Court of Appeals for the Ninth Circuit in Lou v. Belzberg, 834 F.2d 730, hn. 4 (9th Cir. 1987).

## III. VENUE.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1391 and 18 U.S.C. §§ 1965 because the Defendants reside in, are found in, have an agent in, and/or transact their affairs in, the Northern District of Georgia, Atlanta Division, where a substantial part of the events complained of herein, occurred.

## IV. PARTIES

1.

Plaintiff, OM SHREE GANESH (USA), INC. through Shareholder derived action Mahmood I. Alyshah claims, pursuant to 18 U.S.C §§ 1961 (3), he is a person who has been injured in his business OM SHREE GANESH (USA), INC. or property by the reason of a violation of 18 U.S.C 18 U.S.C §§ 1962 and resides in Northern District of Georgia, and is a citizen of the United States.

2.

Defendants, Mills & Hoopes, LLC, Steven M. Mills and Eckhart Blackert are the citizens of the United States, Gwinnett County, Georgia.

3.

The Plaintiff may be served with the process at 4001 Presidential Parkway Suite # 803, Atlanta, GA. 30340.

4.

The Defendants may be served with the process at 1550 North Brown Road Suite # 130, Lawrenceville, GA. 30043.

## V. **ENTERPRISE**

At all times material to this complaint there existed a criminal organization, which is referred to hereinafter as "Mills & Hoopes, LLC". The Mills & Hoopes, LLC is an "enterprise" as the term is used in Title 18 U.S.C. §§ 1961 (4), that is, it constitutes a group of individuals associated in fact through Mills & Hoopes, LLC, an enterprise, which enterprise was engaged in and the activities of which affected Interstate Commerce which was engaged in by the Plaintiff.

## VI. Judicial Authority that "Mills & Hoopes, LLC" is a Criminal Enterprise.

Judicial Authority that the Mills & Hoopes, LLC, including other Defendants, is a criminal enterprise as the term is used in Title 18 U.S.C. §§ 1961 (4) has been proven in a number of cases including but not limited to the following published opinions: **United States v. Cerone**, et al, 830 F.2d 938, (8th Circuit 1987); **United States v. DiDomenico**, et al, 78 F.3d 294, (7th Cir. 1996) and **United States v. Zizzo**, et. al, 120 F.3d 1338 (7th Cir. 1997). More recently in **United States v. Calabrese**, et. al, Case No. 02-CR-1050 (N.D. Ill. 2002).

## VII. BACKGROUND OF RICO PREDICATE ACTS

The Articles of Incorporation for OM SHREE GANESH (USA), INC, Exhibit A, was restated and filed on January 25, 2010 with The Secretary of State of Georgia. The Plaintiff, Mahmood I. Alyshah, is a substantial stockholder and the President of Om Shree Ganesh (USA), Inc. and claims, pursuant to 18 U.S.C §§ 1961 (3), he is a person

who has been injured in his business or property by the reason of a violation of 18 U.S.C §§ 1962. Thereafter, the Defendants Mills & Hoopes, LLC, Steven M. Mills and ????????? on January 28, 2010 engaged in a pattern of Fraud and Swindle, Wire Fraud and Bank Fraud in violation of 18 U.S.C. §§ 1341, 1343 and 1344 respectively by arranging the transfer of funds through checks and through internet wire transfer. The amount of check fraud is $3000.00 (Three Thousand Dollars and zero cents) while through internet wire transfer is in the lump sum amount of $159,000.00 (One Hundred Fifty Nine Thousand Dollars and Zero Cents) with the help of SAMIT ASHOK SONIMINDE who is an ex-employee of Om Shree Ganesh (USA), Inc. effective January 25, 2010 yet the said fraud occurred on January 28, 2010, that is after January 25, 2010, even though the Defendants were aware of the Articles of Incorporations of Om Shree Ganesh (USA), Inc. through the Secretary of State of Georgia website indicating that SAMIT ASHOK SONIMINDE is not the officer of Om Shree Ganesh (USA), Inc.

There are separate RICO violation lawsuits in the process of being filed against SAMIT ASHOK SONIMINDE and other individuals, who are officials of Om Shree Ganesh Container Pvt. Ltd. and this company itself located in Mumbai, India.

Furthermore, **SAMIT ASHOK SONIMINDE is a fugitive from the law** and there are **TWO CRIMINAL ARREST WARRANTS ALREADY ISSUED BY THE GEORGIA COURT AGAINST SAMIT ASHOK SONIMINDE AND IS PENDING HIS ARREST.** Furthermore, Dekalb County District Attorney, Georgia, has accepted a Criminal Complaint to finally file before the Grand Jury against Om Shree Ganesh Container Pvt. Ltd., Samit Ashok Soniminde, Amit Ashok Soniminde and possible Ashok Dhanraj Soniminde, also. The details about the case is being discussed with the

Dekalb County attorney for the said case so that we can move further for Criminal Indictments.

## VIII. COUNT ONE
Acquisition and Maintenance of an Interest in and Control of
an *Enterprise* Engaged in a *Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(b)

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

At various times and places partially enumerated in Plaintiff's *documentary material*, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO *enterprise* of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

During the past several months preceding June 01, 2010 *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner, which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(b) *supra*.

Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

*Respondeat superior* (principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise).

## IX. COUNT TWO
Conduct and Participation in a RICO *Enterprise*
through a *Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(c)

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

At various times and places partially enumerated in Plaintiff's *documentary material*, all Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

During the past several months preceding June 01, 2010 *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(c) *supra*.

Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

## X. COUNT THREE
Conspiracy to Engage in a
*Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(d)

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

At various times and places partially enumerated in Plaintiff's *documentary material*, all Defendants did conspire to acquire and maintain an interest in a RICO *enterprise* engaged in a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(b) and (d)

At various times and places partially enumerated in Plaintiff's *documentary material*, all Defendants did also conspire to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(c) and (d). See also 18 U.S.C. §§ 1961(4), (5) and (9).

During the past several months preceding June 01, 2010 *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of 18 U.S.C. 1962(d) (Prohibited activities *supra*).

Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

## RELIEF REQUESTED

*Wherefore*, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiff requests judgment against all named Defendants as follows:

## ON COUNT ONE:

1. That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

2. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO *enterprise* of *persons*, or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

3. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from

committing any more predicate acts in furtherance of the RICO *enterprise* alleged in <u>COUNT ONE</u> *supra.*

4. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of *racketeering activity* in violation of <u>18 U.S.C. 1962</u>(b) and from all other violation(s) of applicable State and federal law(s).

5. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(b), according to the best available proof.

6. That all Defendants pay to Plaintiff treble (triple) damages, under authority of <u>18 U.S.C. 1964</u>(c), for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(b), according to the best available proof.

7. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of <u>18 U.S.C. 1962</u>(b), according to the best available proof.

8. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees, at a minimum of $350.00 per hour worked (Plaintiff's standard professional rate at start of this action).

9. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of <u>18 U.S.C. 1962</u>(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

10. That Plaintiff has such other and further relief as this Court deems just and proper, under the circumstances of this action.

## ON COUNT TWO:

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra*.

3. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from associating with any RICO *enterprise* of *persons*, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

4. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conducting or participating, either directly or indirectly, in the conduct of the

affairs of any RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) and 1962(c) *supra.*

5. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT TWO *supra.*

6. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

8. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

9. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees, at a minimum of $350.00 per hour worked (Plaintiff's standard professional rate at start of this action).

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

**ON COUNT THREE:**

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, a RICO *enterprise* engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) *supra*.

2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra*.

3. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO

*enterprise* that engages in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) *supra.*

4. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra.*

5. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT THREE *supra.*

6. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) *supra* and from all other violation(s) of applicable State and federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

8. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

9. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable counsel's fees, at a minimum of $350.00 per hour worked (Plaintiff's standard professional rate at start of this action).

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(d) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## SUMMARY OF CLAIMS OF DAMAGES

Summary of Reasonable Counsel's Fees:     TO BE ACCOUNTED

Summary of Consequential Damages:     TO BE ACCOUNTED

Summary of Actual Damages (partial list):

| | | |
|---|---|---|
| unpaid professional invoices: | $ | 41,650.00 |
| triple damage multiplier (3x): | $ | 124,950.00 |
| stolen funds, actual: | $ | 159,000.00 |
| triple damage multiplier (3x): | $ | 477,000.00 |
| stolen funds, actual | $ | 3000.00 |
| triple damage multiplier (3x): | $ | 9000.00 |

Subtotal:     $ 814,600.00

Summary of Punitive Damages:     $ 8,146,000.00

   triple damage multiplier (3x):  $ 24,438,000.00

**TOTAL DAMAGES** (minimum): $ 33,398,600.00

The damage matrix is three-dimensional: for each Defendant, there are actual, consequential, and punitive damages (3 columns) on each of three counts (3 rows).

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable to a jury lawfully convened.

## VERIFICATION

The Plaintiff Om Shree Ganesh (USA), Inc. through Shareholder derived action, Mahmood I. Alyshah, in the above entitled action, hereby verify in accordance with the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of My current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See the Supremacy Clause in the Constitution for the United States of America, as lawfully amended (hereinafter "U.S. Constitution").

Respectfully submitted this 2nd Day of June, 2010

*/s/ Mahmood I. Alyshah*
Mahmood I. Alyshah, Plaintiff.

OM SHREE GANESH (USA), INC.
MAHMOOD I. ALYSHAH
4001 Presidential Parkway Suite # 803,
Atlanta, GA. 30340